morning your honors Mike Catlett from the Osborne-Maladon law firm in Phoenix Arizona on behalf of petitioner Jaime Aldo Leonardo jr. the BIA abused its discretion in this case when it denied petitioners motion to reopen on grounds that it was both untimely and lacking in merit petitioners counsel who has since been suspended from the practice of law prejudiced petitioner when he failed to file any applications for relief and counsel petitioner that post conviction relief was petitioners only hope to avoid removal despite petitioners repeated phone calls and letters to mr. Jordan petitioner did not definitively learn of mr. Jordan's ineffective assistance of counsel until December 27 2007 now before I address the the merits of the equitable tolling in the ineffective assistance of counsel claims in this case I'd like to quickly address the government's jurisdictional arguments the government claims that this court lacks jurisdiction because the equitable tolling claim in this clip in this case is inherently factual and because mr. Leonardo has been accused of an aggravated felony while the real ID Act does strip this court of jurisdiction over appeals asking this court to revisit final orders of removal when the alien in question is alleged to have been convicted of an aggravated felony 8 USC section 1252 a 2d specifically grants this court jurisdiction over constitutional claims and questions of law regardless of the underlying offense logically petitioners motion to reopen is comprised of two claims first it's an equitable tolling claim and second it's an ineffective assistance of counsel claim with regard to that the first claim the equitable tolling claim this court held in Garamani which was a case involving an alien who was alleged to have been to have committed an aggravated felony that although the equitable tolling analysis is a mixed question of law in fact where the historical facts are undisputed such that this court need only decide the legal significance of the historical facts the equitable tolling analysis qualifies as a question of law over which this court possesses jurisdiction here the BIA made no factual findings inconsistent with petitioners asserted facts and the government has not controverted petitioners version of the jurisdiction over the equitable tolling claim motion to reopen how could the government ever dispute the facts I guess file an opposition yes your honor they could file an opposition they could request a hearing so there was no opposition file none at all the facts in this case with regard to when things were filed the acts taken on behalf of petitioner by mr. Jordan are undisputed and so all this court has to do is look at those facts and apply the law with regard to the ineffective assistance portion of petitioners claim the ineffective assistance claim alleges a violation a violation of petitioners due process rights thus it's constitutional claim within the meaning of the real idea act and on top of that this court in the Fernandez versus Gonzales decision specifically held that the court possesses jurisdiction over aliens claims of ineffective assistance of counsel so turning to the merits of the petition and specifically petitioners equitable tolling claim that claim is made up of three parts first there has to be some action or event that triggers equitable tolling then there has to be due diligence on the part of petitioner and third there's some event that ends equitable tolling at which case the petitioner then has 90 days to file his motion to reopen in this case the well generally the action that triggers equitable tolling is deception fraud or error on the part of the petitioners attorney here like in this court's it's her a barrier decision the triggering event was mr. Jordan's failure to file any applications on petitioners behalf that's not all that mr. Jordan did he also erroneously informed petitioner that his only avenue for relief was through post-conviction proceedings and attempted to cover up his malfeasance by refusing to communicate with petitioner or provide him with a copy of his file now the government argues that the failure to file necessary applications cannot be a triggering event because the triggering event must occur during the 90-day motion to reopen period the government however cites no authority for that position and it's likely because there is no such authority the government's argument is also inconsistent with Garamani and it's her a barrier whereas here this court found that equitable tolling was appropriate despite the fact that the triggering event which in one case was the failure to prep a client for the hearing and in the second case like in this one was failure to file necessary papers both of those occurred at or before the petitioners removal proceedings and not during the 90-day period after appeal for filing a motion to reopen both cases make sense because essentially if this court were to accept the government's argument petitioner could never make an ineffective assistance of counsel claim on a motion to reopen where the actions giving rise to the ineffective assistance claim occurred at or before the merit final merits hearing second petitioner undoubtedly exercise due diligence and ascertaining the status of his case and investigating mr. Jordan's conduct the record reflects that between September 11 2006 and December 4 2007 petitioner called mr. Jordan at least 40 times and petitioners family wrote to mr. Jordan at least 10 times to check on the status of his case and to attempt to obtain copies of his legal file petitioner even went so far as to write the California bar to ask for assistance in his from the government's brief they zeroed in on that event the the California bar filed his complaint with the California yes your honor that is he must have known then well that is one of the the proposed sort of end dates that that the government  the bar complaint if you look at it it states only that mr. Cade in quoting the bar complaint directly it states that mr. Cade Jordan did not file any relief on my behalf at the immigration court so this does this doesn't reflect that at the time that mr. mr. Leonardo filed his bar complaint that he had definitively learned of his claim against mr. Jordan it didn't it that that was one of 20 things listed in the bar complaint and it doesn't indicate that at that point mr. Leonardo had learned that mr. Jordan's failure to file had actually prejudiced him but it does show absolutely that he was concerned about mr. Jordan's actions but the record is clear that at the time of the bar complaint petitioner still didn't have a copy of his legal file and he still had been unable to retain legal counsel is it appropriate assume you've covered Garamani and itura baria in terms of due diligence and and prejudice and so forth is it appropriate for the court to look beyond the ineffective assistance of counsel argument and and look at the underlying merits and with any degree of Leonardo's possible or plausible grounds for relief he's got issue of marriage and the fraud in the visa he's got questions still got question whether he can meet the in Ray why why L criteria right the question that this court has to address is whether mr. Leonardo has some plausible ground for relief so I don't think it's a case where the court it's appropriate for the court to decide whether mr. Leonardo can definitively establish his claims now plausibility I think that's probably less than a 50% chance but as I set forth in the brief there even if you assume that that mr. Leonardo was convicted of an aggravated felony that's no bar to relief necessarily because he's he hasn't been in prison for or sentenced to more than aggregate of five years even if it's a trafficking crime that's still not present that still doesn't presumptively ban him from relief for withholding and also given that the and given that the the government hasn't refuted any of mr. Leonardo's the factual basis for his withholding and deferral claims how does the fraud allegation fit within those two avenues of relief excuse me the fraud allegation the marriage the marriage the fraud allegation is and I'm no immigration expert but as far as I could tell the fraud allegation is also not a bar to withholding or deferral of removal under 1231 or cats now the government also proposes two other dates in its brief besides the bar complaint date for when it thinks that the equitable tolling period will stop in this case the first date was actually the date when mr. Jordan stood up during the final merits hearing and said I'm not finding any applications for elite relief the government and the BIA said well mr. Leonardo was present when that occurred but this argument is also inconsistent with Gary Romani and interior Baria in both those cases the petitioner was physically present when his lawyer took the actions that eventually were felt found to be ineffective and the government said that in one case the filing period didn't begin to run until over three years later and in the other it didn't begin to run actually in both cases it was nearly three years later not the date on which the actions actually occurred second the government argues that the filing deadline commenced on September 27 2006 because petitioner stated in his motion to reopen that quote that was when he first had concrete reasons to know of mr. Jordan's ineffectiveness because that's the date that mr. Jordan failed to file a petition for review with this court on his behalf now again petitioner certainly had reason to be concerned that mr. Jordan was not doing his job at that time but he still didn't know that despite his prior convictions he had plausible grounds for relief in fact after that day long after that date petitioner wrote to mr. Jordan on several occasions that he still believed that post-conviction relief was his only chance to defeat removal and he still wrote to mr. Jordan asking about how mr. Jordan's attempts to attain post-conviction relief were going the the argument that September 27 2006 is the appropriate date is also incorrect because equitable tolling period it's quite I can't remember what was the event on that day it's the date that mr. Jordan originally failed to file a petition the first petition for review challenging the BIA's affirmance of his original appeal mr. Leonardo was forced to file that brief pro se so it's actually very similar to the same case because which is relied upon by the government because in that case the petitioner that admitted that he became suspicious that counsel was not doing his job a few weeks after entry of the final order of removal when his family said hey your lawyers not doing his job he basically he admitted in his briefs that that was the correct date but this court said that as a matter of law the petitioner was incorrect and that the filing period actually commenced three and a half months later that was the definitively learned date when mr. Singh actually obtained a lawyer who confirmed that the petitioner's lawyer was ineffective if there's no further questions I'd like to in the in the board's decision did it actually reach the ineffective assistance of counsel issue yes your honor which part of the decision the excerpts of record is that at 99 it's the board's decision got it in that decision the board says quote under the circumstances the respondent has not shown his constitutional right to due process was violated by his former counsel's conduct it also said that the board was to establish that he is eligible for any relief from removal and he's not shown what plausible grounds for relief his former counsel could have presented and that's ineffective assistance of counsel yes your honor the the first is I think effect addressing well actually it's addressing both the defective performance and the prejudice part of it it's just saying generally we don't think that his right to due process was violated and the second addresses the prejudice prong when it says that there's no plausible grounds for relief here so what is it that you're asking for I would ask that that you grant the petition for review that you vacate the order of removal and that you remand to the BIA for a new hearing on the merits of the in the merits of the application or so they can file an application he can file his applications and also I think is our prior argument demonstrated there's been a lot of the aggravated felony in this case is an 11378 claim and as the prior argument demonstrated there's been a lot of changes in the law in the since 2006 when petitioner first had his merits hearing so we would request a clean slate where he can make any arguments he needs to make that aren't prejudiced by counsel's failure how does he clean up his record though I mean he what what is he going to what is he going to argue when he gets if he gets another hearing before the BIA um I think one thing he can argue is that his felon that his conviction isn't an aggravated felony and other than that he can present testimony that if he is sent back to the Philippines he faces he has a legitimate fear of persecution and he faces a substantial likelihood of being tortured is there anything in the record that we now have that would give any basis for this torture claim in the Philippines all you have is Mr. Leonardo's statements in his motion to reopen and in his briefs and if you look at the case law I think at this stage the court has to assume that those assertions are true and with that in mind analyze whether there's some plausible ground for relief is that it looks like it is really chances deferral of removal under the cap if he can make the show well I think that he has a withholding claim possibility to based on the fact I mean he has an uphill battle because of the possibility that the 11378 is an but if you look at the records in in the administrative record his conviction records I think that there's some issues with that also so if you can sort of argue around that then I think that that he has at least plausible grounds for relief and he has the right to present his case in now okay thank you thank you we'll give you a minute for rebuttal morning may it please the court my name is Drew Brinkman on behalf of the Attorney General the honors Mr. Leonardo entered the United States using a fraudulently procured visa he was convicted of numerous drug-related felonies he was found removable as an aggravated felon during his removal hearing he indicated that he wanted to apply for relief in the form of cancellation of removal however no application was ever filed so the immigration judge denied his claims and the board dismissed his appeal why doesn't he have a constitutional right to effective counsel at this stage of the proceedings at the stage we're talking about then you have a Fifth Amendment right to effective counsel to counsel and at this stage at the stage where where he the BIA found against him and ordered his removal Jordan's performance was abysmal wasn't it depending on how you you view his pleadings if you view them as wholly true it could have been so I mean it appeared that there's no dispute about this aggravated felony and if that aggravated felony he did commit that aggravated felony use removal as an aggravated felon he had no venues of relief except for withholding a removal and cap protection as as you've talked about now it doesn't appear that he ever brought up those claims to his attorney below it there's really no indication except later in a year and a half later do you think an attorney has any obligation to investigate the claims the attorney sure the attorney I mean they should talk about what sort of claims you have if you look at you know if you look at the contract between Mr. Leonardo and his attorney it says I'm hiring you to seek cancellation of removal that's in the record it doesn't say anything about withholding of removal says your your representation is to seek cancellation of removal so to me it appears just to the speculation of whether this was an effective assistance and I don't think the board really made a finding on this but he could have been doing his job completely right and he could have been the only way he thought that there could have been relief is he got those vacate those convictions vacated do you think Mr. Leonardo is so sophisticated that he knows the fine distinctions between cancellation and withholding of removal because I wouldn't want to have a bar exam than any bar bar exam I had to take I would have no idea as to Mr. Mr. Leonardo's what he knew about different forms of relief but I would say during the immigration during the removal hearing itself the immigration judge laid out look I think you're ineligible for these these and these forms of release because you're an aggravated felon you're barred now as to withholding removal and cap protection you didn't file an application he said that's in three different times Mr. Leonardo was present during those times and that happened on April 26 2006 so Mr. Leonardo is there he hears he hears these things I mean I think if he has you know some sense he should be able to comprehend what the immigration judge is saying at that point I mean it's his case I would think he would have some understanding of what's going on and the IJ says you're ineligible for these things because you're an aggravated felon but you didn't file for relief as to withholding and cap so I'm denying your claim he's on notice at that point that you know this guy might have screwed up I need to do something about this. What was it that motivated Mr. Leonardo to to persist so zealously thereafter to try to get information from his lawyer ultimately filing a bar complaint if in fact he heard and understood the judge to tell him telling him why he didn't have any chance at all he might have believed that he thought his attorney screwed up but his obligation at that point is to file a motion to reopen within 90 days his obligation is not to continuously write letters to his attorney it's fool me once shame on you fool me I mean his attorney could just keep rejecting those letters and his reopening period is extending into infinity at that point he should have known when the immigration judge said that that his attorney is screwed up his obligation is not to write his attorney his obligation is to find a new attorney or to file a motion to reopen on his own behalf that's the government's position Congress said 90 days that's what they have to file these motions so so that's that's time one that the government thinks this 90 days so even though he retained this lawyer paid him $10,000 at least that's what we know in the paperwork to file for cancellation and removal according to the same paper so at that hearing when he didn't file anything he should have said okay keep that you know you're fired and I got to go find a new lawyer now and pay another $10,000 or whatever he should have filed a complaint against his lawyer immediately there filed a motion to reopen within 90 days whether he wanted to get a new attorney represent himself was up to him but that's that's what he should have done was he in custody at the time he was if he filed the bar complaint within 90 days but didn't move to reopen would there be equitable tolling in that filed the board and Congress has given him 90 days to put together all this paperwork and to file this motion it doesn't take that much they write a pleading but that's why you've got a constitutional right to counsel is these laws are hardly models of clarity you should see my staff trying to give me a tutorial on immigration law it's embarrassing at times the constitutional right and in my view the court doesn't need to ever reach whether there's a constitutional violation in this case because there's procedural limits as to how he has to exercise that so that that throws it out we don't need to get to the issue whether there's a constitutional right at all and there's you know there's all kinds of stuff I don't know if the court's aware but there's a lot of stuff going on between the Attorney General new regulations coming out about ineffective assistance the Attorney General's been back and forth as to whether there is an effective assistance so that that's a very hairy issue it's not been briefed but due diligence equitable tolling issue is dispositive in this case so going back we have the time one so your so your position is that he should have known he knew definitively under our case law the standards that we have adopted for equitable tolling he knew when at the hearing when the AJ when the IJ asked his counselor you're going to file any papers and applications and he said no I don't see the standard in this court as being different he definitively knew that's a major disagreement between the two sides it's whether when he should have known that his attorney was ineffectively assisted him if the standard is that when he definitively knew standards completely in his control he could say right now I still don't definitively know if he effectively assisted me it's an objective standard and the board is looking at this looking at the motion you're open saying well when should someone have filed this is it a reasonable is it reasonable a standard in terms of what a what a what an alien facing deportation in custody at the time should have known the fact that he was in custody doesn't have too much bearing I mean it's because he was present with at the removal hearing he got a copy of the board's decision which is time to that we think he should have known he says in his motionary open that he knew his attorney was ineffective in September of 2006 that's his own claim and time for is when he filed a complaint against his attorney that's when we think he should have known when he's filing a complaint against his own attorney whether he was in custody or not during any of those dates it doesn't really have any bearing. The did the IJ give him that 90-day notice in writing did he know he had 90 days to get another lawyer get something he spent he spent a year dithering around with his lawyer but and filing complaints with the bar and so on but did he know about the 90-day I'd have to look I don't remember seeing any notice of that sort in the record I think he gets a notice of his appeal to the board which he did then appeal and then I don't know if the board then gives him a notice about reopening up to that point I haven't seen such a notice and I don't think in any cases they ever received that notice. Well, what's your best case on the proposition that he has to have some colorable claim of a defense if he does get it reopened? Well, if we get to that point, it's you're talking about whether there's a preemphasis on the defense. In other words, such a thing as harmless error if you have a lawyer that is egregiously incompetent as this apparently was but if you have no defense suppose he had Johnny Cochran backed up by Ted Olson what kind of a case would he bring on reopening? It would be I think counsel laid it out correctly it would be I think they could probably re-adjudicate whether he was an aggravated felon and but assuming he is an aggravated felon what else is there? Withholding of removal and cat protection. Yeah, but we don't have any jurisdiction then, do we? Jurisdiction over withholding and cat? Yeah. If he's found to be an aggravated felon under the Federal statute, that's the end of the story, isn't it? You're saying if the case went back down he was again found and then brought back up? I just wonder why it wouldn't be a fool's errand to send this back to have him go through the whole history of his activities. Wouldn't he have the right to request deferral at a minimum? He'd have the right to a hearing. No, we just had a case yesterday. I hate to throw away an argument, but I think he does have the right. I was just going to say we had a case yesterday, a fellow from Iran who had all kinds of convictions and whatnot and the government granted him, the I.J. granted him deferral of removal under cat. And he could be eligible for that. He very well could not be. I mean, I view all of his motionary open statements with a high degree of skepticism because he's totally changed his story. There's a point where he was talking to the DHS agent when he was initially found in jail after he was arrested. And he says, I have no fear of persecution upon going back to it. So that just leads me to believe he's trying to delay these proceedings. And that's really all this is. He's just changed his story. So is he still in custody today, by the way? I believe so. Yeah. Yeah. So I want to briefly touch upon the two other major points where I think this Court could say, look, he knew or should have known his attorney was ineffective assistance, gave ineffective assistance as of these dates, and he didn't file within 90 days. The one is the one he claimed in his motionary open. He said he knew when his attorney didn't file a petition for review that he was in effective assistance. He didn't file within 30 days of that. Now, that's his own claim, and he didn't file within 90 days of that. And the other time is when he filed a complaint against his attorney. Presumably when you file a complaint with the state bar against your attorney, you know or you should have known there was ineffective assistance in that instance. And he didn't file his motionary open within 90 days of even that. So giving him the benefit of the doubt over and over and over again, he still didn't file within 90 days of any of these dates where he should have known that his attorney had ineffectively assisted him. The Board is the first judge of when Mr. Leonardo should have known that his attorney ineffectively assisted him. This Court reviews the Board's decision under the highly deferential abuse of discretion standard, and given the evidence that he should have known at all these dates, the Board didn't abuse its discretion, and this Court should deny the petition for review. And if there's no further questions, I'll sit down. Roberts, I do have one. Let me ask you one question. If we disagree with you on the equitable tolling, did the Board address ineffective assistance of counsel? There is a sentence in there, and I don't really know what the Board was why they were saying that. I don't think it was a true finding, because the Board didn't need to reach that issue, because there's the equitable tolling that it was despised with. The Board didn't cite any – I mean, usually if the Board makes that finding, it cites Lozada or it would cite a case from this Court talking about ineffective assistance due process. There's no citation at all. So I don't think the Board reached that issue. I mean, that was not the case. That's obviously the way you read the order, because you didn't even address it in your red brief. You didn't address ineffective assistance of counsel. No, because we thought due diligence was despised before you reached that point. Okay. Thank you. Very quickly, Judge Jordan – or excuse me, Judge Layton, you're – you're perfectly correct that Jordan's performance in this case was abysmal, and the immigration judge specifically comments on that in his decision. Mr. Leonardo likely didn't bring up withholding and cap claims to Mr. Jordan, because Mr. Jordan had informed him that – or we don't know if he informed him of this, but Mr. Jordan was operating under the erroneous conclusion that Mr. Leonardo's alleged aggravated felony made him ineligible for relief whatsoever. And so, as a non-lawyer, I don't think we can expect Mr. Leonardo to understand that he did, in fact, have plausible grounds for relief when his lawyer is telling him he didn't. And just quickly, I'd like to quote the applicable standard from – this is from the Garamani case. It says, the limitations period is told until the petitioner definitively learns of this incites to the Singh v. Gonzalez case. Thank you, Your Honors. Thank you. Thank you. Case Leonardo v. Holder is submitted, and that ends our session for today. Thank you all very much.
judges: Leighton, Goodwin, Paez